UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UTAHAMERICAN ENERGY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No. 08-1791 (RJL) |
| v. ) | |
| ) | |
| U.S. DEPARTMENT OF LABOR, ) | |
| ) | |
| Defendant. ) | |
| ) | |

MEMORANDUM ORDER
(November _2_, 2010) [# 25]

On March 31, 2010, this Court ruled on cross-motions for summary judgment by plaintiff UtahAmerican Energy, Inc. ("UEI") and defendant U.S. Department of Labor ("DOL"), finding that DOL had complied with some, but not all, of its obligations under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.* (2006). Pursuant to Federal Rule of Civil Procedures 59(e), UEI moves this Court to alter or amend its March 31, 2010 judgment. Specifically, UEI requests that this Court find that DOL improperly withheld transcripts reflecting interviews conducted by the Mining Safety & Health Administration ("MSHA"), which were subject to UEI's underlying FOIA requests. For the following reasons, UEI's motion is hereby GRANTED.

A court has considerable discretion to alter or amend a judgment under Rule 59(e). Such extraordinary relief, however, should be only granted if: (1) there has been an intervening change of controlling law; (2) new evidence is available; or (3) amendment

1

or alteration is needed to correct a clear error or prevent manifest injustice. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam); *Public Citizen, Inc. v. Mineta*, 444 F. Supp. 2d 12, 15-16 (D.D.C. 2006). Importantly, a Rule 59(e) motion is not a means to reargue facts and legal theories upon which a court has already ruled, *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995), nor a vehicle to present arguments or evidence that could have been advanced earlier, *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993).

Here, the Court found that DOL is not required to process the MSHA interview transcripts because the transcripts had already been processed in response to an earlier FOIA request made by UEI directly to MSHA. *UtahAmerican Energy, Inc. v. Dep't of Labor*, 700 F. Supp. 2d 99, 105-06 (D.D.C. 2010). Further, because the documents at issue were subject to the prior FOIA request, which continues to be litigated in a different suit by a different judge, *see UtahAmerican Energy, Inc. v. MSHA*, Civ. No. 08-1780 (D.D.C.) (RWR), and because the plaintiff did not inform this Court of the seemingly-related case, this Court did not consider whether the documents were properly withheld. *Id.* at 106 n. 5. Upon further reflection, however, this Court is persuaded that the issue of the MSHA interview transcripts was properly before this Court and that failure to address that issue was, therefore, clear error under *Firestone*. *See Firestone*, 76 F.3d at 1208.[1]

---

[1] Further, this finding is irrespective of whether this case and *UtahAmerican Energy, Inc. v. MSHA*, Civ. No. 08-1780 (D.D.C.) (RWR) are, in fact, related. This Court finds that the issue of whether DOL fulfilled its obligations under FOIA is properly before this Court and is distinct from MSHA's own obligations – subject to any agreements it may have with UEI – which are at issue in UEI's case against MSHA. Further, as noted below, the fact that the MSHA interview materials had already been processed by MSHA

Addressing the issue, therefore, this Court finds that DOL improperly withheld the MSHA interview transcripts. Because the transcripts were clearly responsive to UEI's FOIA requests, DOL failed to meet the substantial burden of explaining its basis for avoiding disclosure. *See Vaughn v. Rosen*, 484 F.2d 820, 828 (D.C. Cir. 1973). In fact, DOL makes no explanation except to state that the MSHA interview transcripts were *processed* by MSHA in response to the prior FOIA request. Fesak Decl. ¶ 10. This explanation, however, does not resolve why the documents were not *released* by DOL in response to UEI's requests.[2] At the very least, DOL was required to include the MSHA transcripts in its *Vaughn* Index explaining its reasons for non-disclosure.[3]

---

in relation to the FOIA request at issue in that case, does not obviate DOL's obligations under *Vaughn v. Rosen*, 484 F.2d 820, 828 (D.C. Cir. 1973).

[2] *Grandison v. U.S. Dep't of Justice*, 600 F. Supp. 2d 103, 110 (D.D.C. 2009), is not dispositive on this issue. In that case, this Court determined that the agency's search for records under FOIA was adequate when it excluded certain documents that "were duplicates of records processed separately by [another agency]." *Id.* Unlike this case, however, that case involved both agencies' productions simultaneously, and *all* responsive documents were accounted for. *See id.* Thus, the Court was able to address all issues properly before it and ensure that all responsive material was properly produced or withheld.

[3] Further, even if DOL explained that the MSHA interview transcripts were withheld under FOIA Exemption 7(A), it is likely that DOL would fail to meet its burden. As explained in this Court's March 31 Opinion, DOL did not sufficiently demonstrate how releasing any interview material would reasonably be expected to cause harm by interfering with an ongoing enforcement proceeding. *UtahAmerican Energy, Inc.*, 700 F. Supp. 2d at 107-09. Nevertheless, because this Court finds that DOL failed to meet its burden by not providing *any* explanation for non-disclosure, this Court need not address whether any exemptions are applicable here.

3

Accordingly, it is hereby

**ORDERED** that plaintiff's Rule 59(e) Motion to Alter or Amend the Judgment is GRANTED.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　RICHARD J. LEON
　　　　　　　　　　　　　　　　　　　　　United States District Judge